IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RICHARD KEENE, as Trustee of
the Barbara Richards
Irrevocable Life Insurance
Trust, dated July 19, 1999,
and BARBARA E. RICHARDS,
individually,

       Plaintiffs,

vs.

MORGAN STANLEY d/b/a MORGAN
STANLEY DEAN WITTER, INC., et
al.,

       Defendants.

Case No. 2:04-cv-2564-RRB-DAD

**ORDER REGARDING PENDING
MOTIONS AND DISMISSING CASE**

## I.    Introduction

Before the Court are Plaintiffs Barbara Richards and
Richard Keene ("Plaintiffs"), with a Notice of Motion and Motion
for Summary Judgment, or in the Alternative, Partial Summary
Judgment at Docket 53.

Defendants Morgan Stanley dba Morgan Stanley Dean Witter,
Inc. ("MSDW") and John Polhemus oppose at Docket 71. Defendant
Hartford Life and Annuity Insurance Company ("Hartford") opposes at
Docket 74 and seeks leave to file a sur-reply at Docket 99.

Defendants MSDW and Polhemus cross-move for summary judgment at Docket 62. Defendant Michael Jennings joins MSDW and Polhemus' motion.[1]

Hartford also moves to dismiss, or, in the alternative, for a more definite statement, at Docket 58 on the grounds that Plaintiffs name Hartford as a defendant but do not expressly charge Hartford with any wrongdoing.

Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter. For the reasons set forth below, Defendants MSDW and Polhemus' Motion for Summary Judgment is granted, Plaintiffs' Motion for Summary Judgment is denied, Hartford's Motion to for Leave to File a Sur-Reply is denied, and Hartford's Motion to Dismiss, or in the alternative, for a more definite statement is granted.

## II. Background

The present matter arises from Plaintiffs' allegation that Defendant Jennings misled Plaintiff Richards into purchasing a life insurance policy from Defendant Hartford for investment purposes that was not suitable for her so that Defendant Jennings

---

[1]      Docket 66.

ORDER RE PENDING MOTIONS AND
 DISMISSING CASE - 2
2:04-CV-2564-RRB-DAD

could earn large commissions.[2]  The policy provided a $3,500,000 death benefit and required a $200,000 per year premium payment.[3] As part of the investment, Defendant Jennings set up an Irrevocable Life Insurance Trust ("ILIT") to hold the insurance policy. Plaintiff Richard Keene was named trustee of the ILIT.

Eventually, the 82-year-old and retired Richards found it impossible to keep up with her premium payments and alleges that he finances became seriously depleted threatening even her personal support and modest lifestyle.[4]  In response, Plaintiffs Richards and Richard Keene, as Trustee of the Barbara Richards Irrevocable Trust ("Plaintiffs"), filed a complaint on December 2, 2004, against Defendants MSDW and Jennings.

Plaintiffs subsequently filed a First Amended Complaint which alleged the following causes of action: (1) fraudulent mismanagement of accounts; (2) excessive and unauthorized trading of securities account – "churning"; (3) fraudulent inducement to open discretionary account; (4) broker's breach of fiduciary duty; (5) financial abuse of an elder; (6) unjust enrichment/restitution;

---

[2]     Docket 49 at 6.

[3]     Id.

[4]     Docket 67-8 at 10.

(7) common count; (8) negligence; (9) violation of 18 U.S.C. § 1962(a); (10) violation of 18 U.S.C. § 1962(c).[5]

On June 17, 2005, the Court ordered Plaintiff Richards to arbitrate before the NASD "'all controversies' arising out of or concerning Richards' accounts with Morgan Stanley."[6]  In contrast to Plaintiffs' Morgan Stanley accounts which contained an arbitration provision, the Court retained jurisdiction over any claims by Plaintiff Richard Keene, as trustee of the ILIT, because Plaintiff Keene was not subject to the arbitration agreement.[7] Even so, the Court observed that "the outcome of the arbitration proceeding is relevant to, [and] may determine Keene's claims" and therefore ordered Plaintiff Keene's claims stayed pending completion of the arbitration proceeding.

During the arbitration proceedings, Plaintiff Richards raised all of the claims against Defendants Morgan Stanley, Jennings, and Polhemus that she had alleged in her First Amended Complaint.  After the arbitration proceedings, Plaintiffs sought judicial confirmation of the arbitration award, which Defendants

---

[5]    See Docket 67-5.

[6]    See Docket 40 at 11, 13; Docket 67-8 at 4.

[7]    Docket 40 at 5, 13.

did not oppose.  Only the ILIT insurance related matter remains
before the Court.[8]

Plaintiffs also filed a Second Amended Complaint which
alleges the following causes of action: (1) fraud; (2) insurance
broker's breach of fiduciary duty; (3) negligence of fiduciary; (4)
violation of 18 U.S.C. § 1962(a); (5) violation of 18 U.S.C.
§ 1962(c); (6) unfair business practices; (7) financial abuse of an
elder; (8) unjust enrichment/restitution; and (9) common count.[9]
The pending motions followed.

## II.  Standards of Review

### A.    Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides
that summary judgment should be granted if there is no genuine
dispute as to material facts and if the moving party is entitled to
judgment as a matter of law.  The moving party has the burden of
showing that there is no genuine dispute as to material fact.[10]  The
moving party need not present evidence; it need only point out the
lack of any genuine dispute as to material fact.[11]

---

[8]     Docket 77 at 4.

[9]     See Docket 67-8.

[10]    Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[11]    Id. at 323-325.

Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[12]  All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[13]  However, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial.[14]

B.   **Motion to Dismiss**

In ruling on a motion to dismiss under Rule 12(b) the court must treat all well pleaded facts as true and construe them in the light most favorable to the non-moving party.[15]  A court does not, however, accept as true legal conclusions simply because they are cast in the form of factual allegations.[16]  A dismissal under Rule 12(b)(6) is warranted only if the pleader against whom the

---

[12]   <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

[13]   <u>Id.</u> at 255.

[14]   <u>Id.</u> at 248-49.

[15]   <u>ASW v. Oregon</u>, 424 F.3d 970, 974 (9th Cir. 2005).

[16]   <u>Wyler Summit P'ship v. Turner Broad. Sys., Inc.</u>, 135 F.2d 658, 665 (9th Cir. 1998).

motion is brought can prove no facts in support of its claims that would entitle it to relief.[17]

## IV.  Discussion

### A.    Res Judicata Effect of Arbitration Proceedings

Defendants MSDW and Polhemus, in their motion for summary judgment at Docket 62 argue that Plaintiff Richards' claims are barred by res judicata because they were previously extinguished during Court-ordered arbitration and are the subject of a final judgment.[18]  Further, Defendants MSDW and Polhemus argues that resolution of Plaintiff Richards' claims in arbitration leave nothing left for Plaintiff Keene to assert on behalf of the ILIT. An arbitration award can have res judicata effect[19] and a motion for summary judgment is an appropriate vehicle by which to assert res judicata.[20]  Res judicata is applicable where there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties."[21]  Regarding the first

---

[17]     Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003).

[18]     Docket 63 at 1.

[19]     See C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987) (citing Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (9th Cir. 1985)).

[20]     See id. at 1098.

[21]     See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks and citation omitted).

ORDER RE PENDING MOTIONS AND
 DISMISSING CASE - 7
2:04-CV-2564-RRB-DAD

prong, the Ninth Circuit has held that "[t]he central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'"[22] Res judicata bars all grounds for recovery which could have been asserted in the prior action, whether they were or not.[23]

The claims in Plaintiffs' Second Amended Complaint presently before the Court clearly arise from the same transactional nucleus of facts as those claims which were or could have been raised in the prior arbitration. Further, the arbitration award here was confirmed at Plaintiffs' request and entered as a final judgment on the merits by this Court.[24] The arbitration and the present action involve the same parties, with the exception that Plaintiff Keene's claims, if any, where not ordered to arbitration.

The fact that Plaintiffs' present claims center around the ILIT does not change this conclusion. Any harm suffered by Plaintiff Richards as the ILIT beneficiary is a variation of the

---

[22]   Id. at 714 (citing Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)).

[23]   See McClain v. Apodoca, 793 F.2d 1031, 1033 (9th Cir. 1986) (citing Ross v. Int'l Brotherhood of Elec. Workers, 634 F.2d 453, 457 (9th Cir. 1980)).

[24]   See Docket 68-8.

claims which she previously arbitrated. Plaintiffs' claims regarding the unsuitability of the life insurance policy were already extensively addressed during the arbitration.

The Court previously held that only Plaintiff Keene, as trustee of the ILIT, can assert claims on behalf of the ILIT itself.[25] However, by Plaintiffs' admission, Plaintiff Keene was "basically a figurehead."[26] Plaintiff Keene does not assert any plausible cause of action as trustee of the ILIT. In compelling Plaintiffs' claims to arbitration, the Court noted that the possibility that Plaintiff Keene's claims regarding the ILIT would be resolved by the arbitration of Plaintiff Richards' claims.[27] This prediction has in fact been realized.

Finally, Plaintiffs present no evidence that the ILIT itself suffered any harm. The ILIT was basically a holding instrument for the life insurance policy. Plaintiffs' attempt to re-litigate these claims in federal court, notwithstanding their arbitration award, is improper.

Defendants MSDW and Polhemus' Motion for Summary Judgment at Docket 62 is therefore GRANTED.

---

[25]    Docket 63 at 1.

[26]    Docket 67-8 at 8.

[27]    Docket 68-1 at 14.

B.   **Hartford's Motion to Dismiss (Docket 58)**

Defendant Hartford Life and Annuity Insurance Co. ("Hartford") was first named as a defendant in this matter when Plaintiffs filed their Second Amended Complaint.  The Second Amended Complaint expressly states that "Plaintiffs do not charge Hartford with actionable misconduct in this matter but rather join Hartford, as issuer of the subject insurance policy, in order that it will be bound by the final judgment in this case."[28]  Plaintiffs assert that Hartford is an indispensible party for the remedy of rescission.

Hartford moves for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that without claims asserted directly against it, no case or controversy exists.  Alternatively, Hartford requests that Plaintiffs provide a more definite statement pursuant to Rule 12(e) to clarify which causes of action implicate Hartford so that Hartford can formulate a responsive pleading.[29]

Plaintiffs assert that no wrongdoing need be alleged against a defendant where the defendant is only named as a necessary party for purposes of rescission.[30]  But this statement

---

[28]    Docket 49 at 5.

[29]    Docket 58.

[30]    Docket 76 at 2-5.

ORDER RE PENDING MOTIONS AND
 DISMISSING CASE - 10
2:04-CV-2564-RRB-DAD

of law is incorrect.   The California Civil Code sets forth a disjunctive list of seven cases in which a party may rescind a contract in the absence of consent of the parties to the contract.[31] Plaintiffs' opposition cites the fifth case which declares that a party to a contract may rescind "[i]f the contract is unlawful for causes which do not appear in its terms and conditions, and the parties are not equally at fault."[32]   For a plaintiff to rescind under this provision, the party against whom rescission is sought must bear the greater share of fault.   Allegation of fault against Hartford is therefore necessary.

If Plaintiffs succeed in rescinding this policy, Hartford would be required to return $1,000,000 in premiums paid between the policy's inception in 1999 and 2004.[33]   Further, Plaintiffs assert in their opposition that Hartford _is_ implicated in wrongdoing because the insurance policy at issue was sold through agents acting on Hartford's behalf and with its knowledge.[34]   But such a claim has never been plead.   Hartford is entitled to fair notice of which claims are asserted against it and the factual basis for

---

[31] See Cal. Civ. Code §§ 1689(b).

[32] See Docket 76 at 4 (citing Cal. Civ. Code §§ 1689(b)(5)).

[33] See Docket 94 at 4.

[34] Docket 76 at 2.

them.[35]  As Plaintiffs have not alleged any fault against Hartford. Hartford's Motion to Dismiss is therefore GRANTED.

      C.    **Plaintiffs' Motion for Summary Judgment (Docket 53)**

         In light of the foregoing conclusions, the Court concludes that Plaintiff Richards' claims are barred by res judicata from the arbitration proceedings.  Moreover, after thoroughly reviewing each of the claims upon which Plaintiffs seek summary judgment, the Court finds that Plaintiffs have not demonstrated entitlement to judgment as a matter of law. Plaintiffs' Motion for Summary Judgment at Docket 53 is therefore DENIED.  Hartford's Motion for Leave to File a Sur-Reply is also DENIED.

**V.    Conclusion**

         For the reasons set forth above,

         1.  Defendants Morgan Stanley & Co. and John Polhemus' Motion for Summary Judgment at Docket 62 is **GRANTED**;

         2.  Defendants Hartford Life and Annuity Insurance Company's Motion for Dismiss or, in the Alternative, Motion for More Definite Statement at Docket 58 is **GRANTED**;

         3.  Plaintiffs' Motion for Summary Judgment or in the Alternative, Partial Summary Judgment at Docket 53 is **DENIED**;

---

     [35] See Conley v. Gibson, 355 U.S. 41, 47 (1957).

4.    Defendant Hartford's Motion for Leave to File Sur-Reply to Plaintiffs' Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment at Docket 99 is **DENIED.**

5.    Judgment is entered in favor of all Defendants on all claims.

6.    This matter shall be DISMISSED with prejudice.

**IT IS SO ORDERED.**

ENTERED this 15th day of May, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER RE PENDING MOTIONS AND
DISMISSING CASE - 13
2:04-CV-2564-RRB-DAD